David A. Fitzsimons, Esquire
I.D. 41722
MARTSON LAW OFFICES
10 East High Street
Carlisle, PA 17013
(717) 243-3341
Attorneys for Plaintiff Carl Roe

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL ROE, | |
| Plaintiff | JURY TRIAL DEMANDED |
| vs. | |
| THE PENNSYLVANIA GAME COMMISSION, | (JUDGE            ) |
| BRADLEY C. BECHTEL, Esq., Individually and in his capacity as Chief Counsel for the COMMISSION, | |
| ROBERT W. SCHLEMMER, Individually and in his capacity as President of the COMMISSION, | |
| DAVID W. SCHREFFLER, Individually and in his capacity as a board member of the COMMISSION, | |
| CHARLES E. FOX, Individually and in his capacity as a board member of the COMMISSION, | NO. |
| RONALD A. WEANER, Individually and in his capacity as a board member of the COMMISSION, | |
| DAVID J. PUTNAM, Individually and in his capacity as a board member of the COMMISSION, | |
| JAMES J. DELANEY, JR., Individually and in his capacity as a board member of | |

the COMMISSION, :
RALPH MARTONE, Individually :
and in his capacity as a board member of :
the COMMISSION, :
BRIAN H. HOOVER, Individually :
and in his capacity as a board member of :
the COMMISSION, :
TIMOTHY S. LAYTON, Individually :
and in his capacity as a board member of :
the COMMISSION, :
          Defendants :

## COMPLAINT

Plaintiff, CARL ROE ("Roe" or "Plaintiff"), by and through his attorneys, Martson Law Offices, hereby brings this action and in support thereof, avers the following:

## THE PARTIES

1. Plaintiff CARL ROE is a competent adult individual and a citizen of the United States who resides at 1017 Forbes Road, Carlisle, Pennsylvania 17013.

2. Defendant PENNSYLVANIA GAME COMMISSION ("Commission" or "Defendant") is an independent governmental administrative commission whose powers and duties are set forth in Chapter 3 of 34 Pa.C.S. §301 *et seq.*, and is headquartered at 2001 Elmerton Avenue, Harrisburg, Pennsylvania 17110.

3. Defendant BRADLEY C. BECHTEL, ESQUIRE ("BECHTEL") is an adult individual who served as Chief Counsel to the Commission at all times

2

material hereto, who has a business address of Pennsylvania Game Commission, 2001 Elmerton Avenue, Harrisburg, Pennsylvania 17110.

4. Defendant ROBERT W. SCHLEMMER ("SCHLEMMER") is an adult individual who served as President of the Commission at all times material hereto, who resides in Export, Pennsylvania.

5. Defendant DAVID W. SCHREFFLER ("SCHREFFLER") is an adult individual who served as a board member on the Commission at all times material hereto, who resides in Everett, Pennsylvania.

6. Defendant CHARLES E. FOX ("FOX") is an adult individual who served as a board member on the Commission at all times material hereto, who resides in Troy, Pennsylvania.

7. Defendant RONALD A. WEANER ("WEANER") is an adult individual who served as a board member on the Commission at all times material hereto, who resides in Biglerville, Pennsylvania.

8. Defendant DAVID J. PUTNAM ("PUTNAM") is an adult individual who served as a board member on the Commission at all times material hereto, who resides in Centre Hall, Pennsylvania.

9. Defendant JAMES J. DELANEY, JR. ("DELANEY") is an adult individual who served as a board member on the Commission at all times material hereto, who resides in Wilkes-Barre, Pennsylvania.

10. Defendant RALPH MARTONE ("MARTONE") is an adult individual who served as a board member on the Commission at all times material hereto, who resides in New Castle, Pennsylvania.

11. Defendant BRIAN H. HOOVER ("HOOVER") is an adult individual who served as a board member on the Commission at all times material hereto, who resides in Glenolden, Pennsylvania.

12. Defendant TIMOTHY S. LAYTON ("LAYTON") is an adult individual who served as a board member on the Commission at all times material hereto, who resides in Windber, Pennsylvania.

Hereinafter, the Commission, BECHTEL, KING, SCHLEMMER, SCHREFFLER, FOX, WEANER, PUTNAM, DELANEY, MARTONE, HOOVER, and LAYTON may be referred to collectively as the "Defendants."

## JURISDICTION AND VENUE

13. This action arises under the 14th Amendment to the United States Constitution and is brought pursuant to 42 U.S.C. §1983, as well as Pennsylvania law.

14. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367 and 1391, and pursuant to the aforementioned statutory and Constitutional provisions.

15. Venue is proper in this Court because the unlawful actions and deprivations which gave rise to this action took place in Harrisburg, Dauphin County, Pennsylvania.

16 At all times relevant and material hereto, with respect to all actions described herein, Defendants were acting under color of law and color of authority as the Pennsylvania Game Commission, Chief Counsel for the Commission, First Deputy Attorney General, President of the Commission, and Board Members of the Commission ("Board"), respectively.

## FACTUAL BACKGROUND

17. Plaintiff served as Executive Director of the Commission for eight (8) consecutive years from December 30, 2005 to January 17, 2014.

18. The Executive Director of the commission is designated per statute as the Chief Administrative Officer and Chief Game Commission Officer for the Commission (34 Pa.C.S. §302).

19. Pursuant to 34 Pa.C.S. §302(c), the Executive Director, as Chief Administrative Officer, has charge over all activities under the jurisdiction of the Commission.

20. Pursuant to 34 Pa.C.S. §302(c), the Executive Director, as Chief Game Commission Officer, is responsible for directing, supervising, and controlling all employees of the Commission.

21. Pursuant to 34 Pa. C.S. §302(d), the Executive Director has the power to certify any action of the Commission as being their official act.

22. The Executive Director, as Chief Game Commission Officer, is mandated by 34 Pa.C.S. §302(c) to report to the Commission any negligence, dereliction of duty or incompetence on the part of any employee, and all the facts relevant thereto, as well as make any further reports as may be required by the Commission.

23. At times, the Executive Director's role and responsibilities as Chief Game Commission Officer places the Executive Director in a position that is necessarily adversarial with individual Commission board members and other political officials.

24. In addition to overseeing the Commission's law enforcement activities, the Executive Director also interacts with individual commissioners relating to the individual responsibilities of the commissioners to comply with legal and ethical requirements.

25. The Executive Director's role is to manage the operation of the Commission and the Commissioner's role is to make determinations on policy issues.

26. Plaintiff's responsibilities, charges, and tasks as Executive Director while with the Commission were executed in a good, professional, and competent manner, and he consistently received high performance ratings.

27. Plaintiff's compliance with specifically defined performance objectives in the year prior to his separation from the Commission were all met and exceeded.

28. Toward the end of his service, Plaintiff entered into two separate agreements with the Commission.

29. Both agreements were drafted by Commission Chief Counsel Bechtel at the direction of the Commission, and the Commission agreed to compensate Plaintiff in the amount of $220,000.00 in exchange for his agreement to release the Defendants from any and all legal claims and refrain from legal action.

30. Both agreements, drafted by Defendant's Chief Counsel, were duly executed by Plaintiff and all Defendant board members in accordance with established procedure.

31. On or around June 25, 2013, Plaintiff entered into an agreement and release ("First Agreement") with the Commission through its existing Board, which outlined, *inter alia*, a confidentiality clause and Plaintiff's waiver and release of the Board and the Commission from any and all legal claims Plaintiff may have and, in consideration for such, would be paid the sum of $220,000.00

"no later than two weeks after the retirement date;" Plaintiff agreed to retire no later than January 31, 2014. A true and correct copy of the First Agreement is hereby attached and incorporated as Exhibit "A."

32. The First Agreement was executed by Plaintiff, all existing board members, and approved as to form and legality by the board's Chief Counsel, BECHTEL, as well as approved as to form and legality by KING, the First Deputy Attorney General of the Office of the Pennsylvania Attorney General.

33. The Plaintiff retired from his position as Executive Director on January 17, 2014.

34. Thereafter, Plaintiff was requested by the Commission to sign a new agreement to modify some of the language of the First Agreement.

35. On or around January 27, 2014, Plaintiff and the Commission entered into an Amended and Reinstated Agreement and Release ("Amended Agreement"), in which the Plaintiff again agreed to, *inter alia*, a confidentiality clause and to waive and release the Commission and Board from liability for any and all possible legal claims and, in consideration for such, would be paid the sum of $220,000.00 "as soon as practically possible." A true and correct copy of the Amended Agreement is hereby attached and incorporated as Exhibit "B."

36. The Commission and its Board had the authority to enter into the aforementioned agreements pursuant to title 34 Pa.C.S. §322, which gives the

Commission the power and duty to take all actions necessary to administer and enforce the statute.

37. Moreover, title 34 Pa.C.S. §323 states the Commission may enter into cooperative agreements with any government agency, *individual*, corporation, or educational or research institution to further the Commission's programs (emphasis supplied).

38. The Commonwealth Attorneys Act, 71 P.S. §73-204(f) ("CAA") tasks the Attorney General with reviewing all Commonwealth deeds, leases and contracts to be executed by Commonwealth agencies, for form and legality.

39. The CAA also states that if an instrument has been submitted to the Attorney General and the Attorney General did not approve the submitted instrument within thirty (30) days of submission, the instrument shall be deemed approved. 71 P.S. §73-204(f).

40. The Amended Agreement was submitted by the Commission to the Attorney General and is deemed valid in accordance with the aforementioned law because the Amended Agreement was duly executed by Plaintiff, all members of the Board, approved as to form and legality by Chief Counsel Bechtel, and was not acted upon by the Office of the Pennsylvania Attorney General within thirty days of its submission.

41. Plaintiff formally retired on January 17, 2014, and has maintained his obligations under the First and Amended Agreements, either separately or in concert, in justifiable reliance upon the valid and duly approved terms of the Agreement(s) as stated therein.

42. On or about March 18, 2014, the Defendants breached the terms of either Agreement by refusing to pay the Plaintiff the agreed upon consideration.

43. The Commission cannot cite a valid basis under law for its breach of either Agreement with Plaintiff.

44. Plaintiff has yet to receive the agreed upon consideration of $220,000.00 per the terms of either Agreement.

## PROCEDURAL AND STATUTORY BACKGROUND

45. Prior to the Pennsylvania legislature's 2002 amendment to the Commonwealth Procurement Code, actions in quasi-contract or promissory estoppel against a Commonwealth entity have always historically had a forum in which to bring suit.

46. As a result of the Defendants' breach, Plaintiff actively attempted to seek redress and enforcement of the Agreements by commencing suit against the Commission in Commonwealth Court at No. 408 MD 2014.

47. That suit brought Breach of Contract and Promissory Estoppel claims as incorporated in Counts II and III herein.

48. The Defendants filed Objections to Jurisdiction on the grounds that since the 2002 amendment to the Commonwealth Procurement Code, neither the Commonwealth Court nor the Board of Claims has jurisdiction to hear the Plaintiff's claims; asserting the argument that forms the basis of this action here, that no tribunal has jurisdiction over the Plaintiff's claims, to wit, "a case without a forum."

49. Defendants' argument in fact and effect asserted a denial of due process under Commonwealth of Pennsylvania law in that it relied upon there being no extant forum for redress of Plaintiff's claims.

50. Briefs on the Defendant's Motion for Summary Judgment were submitted and oral argument was held on March 12, 2015, before a Commonwealth Court Panel, which took the unusual step of ordering *en banc* oral argument held on December 9, 2015, to address the question of whether jurisdiction and venue were proper in Commonwealth Court or indeed, anywhere.

51. The crux of the action, as framed before, and by the *en banc* Commonwealth Court was whether, as the Commission asserted, an otherwise historically viable cause of action against the Commonwealth was effectively nullified through the amendment of the Procurement Code.

52. Litigants are not required to exhaust administrative and state remedies prior to bringing section 1983 claims because the federal remedy is supplementary

to the state remedy, and the latter need not be first sought and refused before the federal one is invoked.

53. By decision filed on September 22, 2016, the en banc Commonwealth Court upheld Defendants' Preliminary Objections in a 4-3 decision with two written dissents. (Opinion attached hereto as Exhibit "C").

54. Since the amendment to the Procurement Code, precedent case law concerning proper jurisdiction for actionable claims similar to the Plaintiffs have subjected claimants to procedural barriers which in effect disenfranchise claimants in Plaintiff's position; to wit, a citizen with a valid claim against the Commonwealth who, according to the Commission's position, does not fall within the now narrow jurisdictional frame of the Board of Claims is without a legal forum in the absence of "catch all" language addressing jurisdiction.

55. This dilemma is confirmed through the Commonwealth's action and the decision of the Commonwealth Court; therefore, Plaintiff submits that his only viable course for due process to be afforded is through a federal court.

56. Plaintiff's prior action filed in this Court to 1:16-CV-00089-CCC was dismissed without prejudice by the Court, Judge Connor, during pendency of the Commonwealth Court case.

57. Plaintiff brings this 1983 action for violation of his procedural due process in that the Defendant's interpretation of the Procurement Code, as

amended, and as determined by the Commonwealth Court provides a patently inadequate form to seek redress and is being used as a tool to prevent the Plaintiff from pursuing his action in a court of law.

## COUNT I – 42 U.S.C. §1983 FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION – PROCEDURAL DUE PROCESS

58. Plaintiff hereby incorporates by reference the averments contained in paragraphs 1 through 57 as if fully set forth.

59. The Commonwealth Procurement Code has recognized that "[i]rrespective of the type of contract, no contract shall be effective until executed by all necessary Commonwealth officials as provided by law." 62 Pa.C.S. §543(a).

60. The Agreements at issue in this action have been duly executed by the Plaintiff and executed by all necessary Commonwealth officials as provided by law.

61. Defendants have interpreted the amendment to the Commonwealth Procurement Code as giving Commonwealth agencies sovereign immunity from all breach of contract claims or quasi contract claims, except for those specifically within narrow areas involving procurement.

62. Defendants have also interpreted the amendment to the Commonwealth Procurement Code as removing jurisdiction from the Board of

Claims and the Commonwealth Court to hear any breach of contract claims against the Commonwealth not related to the procurement.

63. The Procurement Code, as amended, specifically addresses and bars only employment agreements or collective bargaining agreements; the Procurement Code does not specifically bar any other contractual arrangements or quasi-contract claims.

64. The Agreements underlying this action are not grounded in the Plaintiff's employment, but were drafted by the Commission's counsel at the direction of the Commission to reflect the Plaintiff's agreement to keep information confidential and to waive and release the Commission and Board from liability for any and all possible legal claims in consideration of $220,000.00.

65. Defendants' actions caused Plaintiff to be subjected to the deprivation of his liberty interest in his freedom to contract because a contract that cannot be enforced is essentially valueless.

66. Defendants' breaches are contrary to law because the actions were taken under color of law without the benefit of a remedy, in violation of the Plaintiff's procedural due process rights as guaranteed by the Fourteenth Amendment to the United States Constitution.

67. Defendant has retained control of the consideration due Plaintiff for in excess of two (2) years and payment of interest upon said sum is due and owing.

WHEREFORE, Plaintiff, Carl Roe, demands judgment in his favor and against the Commission in the amount of $220,000.00, plus statutory interest, together with reasonable attorney's fees and costs of suit and such other relief as this Court deems just and reasonable.

## COUNT II – BREACH OF CONTRACT

68. Plaintiff hereby incorporates by reference the averments contained in paragraphs 1 through 67 as if fully set forth.

69. Plaintiff brings this Count pursuant to Defendants' failure to uphold the terms agreed to in the First Agreement and failure to uphold the terms laid out in the Amended Agreement.

70. Plaintiff brings this Count under the Federal Court's supplemental jurisdiction to hear claims that are related to and stemming from this action.

71. Plaintiff entered into a valid contract with the Board when he signed the First Agreement dated June 25, 2013, and entered into a valid contract with the Board when he signed the Amended Agreement dated January 27, 2014.

72. Title 34 Pa.C.S. §322 and Title 34 Pa.C.S. §323 give the Commission the authority to enter into such contracts or agreements with an individual.

73. At all times material hereto, Plaintiff acted in good faith and upon justifiable reliance.

74. At all times material hereto, Plaintiff substantially performed the terms of both the First Agreement and the Amended Agreement by complying with the waiver and legal release language in each agreement.

75. The Amended Agreement is deemed valid in accordance with Commonwealth Attorneys Act, 71 P.S. §73-204(f) ("CAA") because the Amended Agreement was duly executed by Plaintiff, all members of the Board, approved as to form and legality by Chief Counsel Bechtel, and was not acted upon by the Office of the Pennsylvania Attorney General within thirty days of its submission.

76. If, however, the Amended Agreement was not approved, the First Agreement, which was signed and deemed legally valid by the Office of the Pennsylvania Attorney General and Commission's Chief Counsel, remains a controlling and enforceable agreement, and Plaintiff is still entitled to payment of $220,000.00.

77. Defendants breached the First Agreement by failing to pay Plaintiff the agreed-upon consideration for waiving his legal rights.

78. Defendants breached the Amended Agreement by failing to pay Plaintiff the agreed-upon consideration for waiving his legal rights.

79. As a direct and proximate result of Defendants' breach, Plaintiff has been denied the agreed-upon monetary consideration.

WHEREFORE, Plaintiff, Carl Roe, demands judgment in his favor and against the Commission in the amount of $220,000.00, plus statutory interest, together with reasonable attorney's fees and costs of suit and such other relief as this Court deems just and reasonable.

## COUNT III – PROMISSORY ESTOPPEL

80. Plaintiff hereby incorporates by reference the averments contained in paragraphs 1 through 79 as if fully set forth.

81. Plaintiff brings this Count under the Federal Court's supplemental jurisdiction to hear claims that are related to and stemming from this action.

82. When the Board refused to honor either Agreements entered into on June 25, 2013, or January 27, 2014, the Board breached the Agreements with Plaintiff.

83. The Board expressly promised to honor the Agreements it entered into with the Plaintiff.

84. By their conduct, the Board breached the Agreements, thereby causing damage to Plaintiff who relied upon the promises in the duly approved Agreement(s) to his detriment.

WHEREFORE, Plaintiff Carl Roe demands judgment in his favor and against the Commission in the amount of $220,000.00, plus statutory interest,

together with reasonable attorney's fees and costs of suit and such other relief as this Court deems just and reasonable.

                      MARTSON LAW OFFICES

                      By: */s/ David A. Fitzsimons*
                          David A. Fitzsimons
                          Attorney I.D. No. 41722
                          10 East High Street
                          Carlisle, PA  17013
                          (717) 243-3341

Date:  February 1, 2017

## VERIFICATION

I, Carl Roe, hereby verify that I have reviewed the foregoing document and state that to the extent that the foregoing document contains facts supplied by or known to me, they are true and correct to the best of my knowledge, information and belief.

This statement and Verification are made subject to the provisions and penalties of 28 U.S.C.A. § 1746 relating to unsworn declarations.

_____
Carl Roe